IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| SRE-CHEAPTRIPS, INC., | ) | |
| | ) | Case No. CV-07-49-S-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM DECISION** |
| v. | ) | **AND ORDER** |
| | ) | |
| NETBLUE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it Plaintiff's Petition for Attorney Fees (Docket No.

34).  For the reasons expressed below, the Court will grant the motion in part and

deny the motion in part.

## BACKGROUND

Plaintiff, SRE-Cheaptrips, Inc. ("Cheaptrips"), commenced this action

against Netblue, Inc. ("Netblue") by filing a Complaint in the District Court for the

Fifth Judicial District of the State of Idaho, on December 21, 2006.  On January 29,

2006, Netblue filed a Notice of Removal in this Court based upon diversity

jurisdiction.  Following removal, on February 5, 2007, Netblue filed a Motion to

Dismiss and Alternative Motion to Transfer.  Cheaptrips then filed a Motion to

**Memorandum Decision and Order - 1**

Remand on February 27, 2007.  This Court ruled that Netblue's Notice of Removal

was untimely and remanded the case to state court.  At that time, the Court did not

include an award of attorney fees or costs.

## ANALYSIS

### I.      Standard for Recovery of Fees and Costs

This Court has discretion to require payment of just costs and fees incurred

as a result of improper removal.  28 U.S.C. § 1447(c); *see also Martin v. Franklin*

*Capital Corp.*, 546 U.S. 132, (2005).  "Absent unusual circumstances, courts may

award attorney's fees under § 1447(c) only where the removing party lacked an

objectively reasonable basis for seeking removal." *Id.* at 711.  The Court finds

that, in this case, Netblue lacked the reasonable basis for seeking removal.

In this case, Cheaptrips served Netblue's agent, Margaret Brown, at GKL

Corporate/Search, Inc. on December 22, 2005.  Brown accepted service of the

complaint and summons, but did not confirm receipt because GKL was misspelled

GLK, transposing the K and the L.  However, although the name of Netblue's

agent was misspelled, Netblue's name itself was correctly spelled.  Cheaptrips then

served Netblue's agent a second time on December 28, 2006 by registered mail.

GKL was again misspelled, and Netblue was again correctly spelled.  This time

Brown confirmed receipt of service.

**Memorandum Decision and Order - 2**

Netblue subsequently filed a Notice of Removal on January 29, 2006, arguing that service was not perfected until it was delivered by certified mail on December 28, 2005.  This Court ultimately held that the Notice or Removal was untimely because service was completed on December 22.

Based on this sequence of events, the Court concludes that Netblue had no reasonable basis for seeking removal for several reasons.  First, the December 22 Summons properly spelled defendant Netblue's name.  It was simply the registered agent's name, GKL, that was misspelled by placing the L before the K.  (See Second Brown Aff., Ex. A).  Netblue failed to present the Court with any case law or rules suggesting that service should be considered incomplete because a service agent's name is misspelled.

Second, although Brown testified that she did not confirm receipt of service on December 22 because GKL was misspelled, she apparently had no problem confirming receipt of service on December 28, even though GKL was once again misspelled.  (See Second Brown Aff., Ex. A).  This suggests that misspelling GKL likely was not the reason for the delay in confirming receipt of service.

Finally, Thomas, the process server, unequivocally stated in his affidavit that he personally served Brown at GKL Corporate/Search, Inc. with a copy of the Summons and Complaint in this matter on December 22, 2006.  (See Thomas Aff.,

**Memorandum Decision and Order - 3**

¶ 10).  This is not disputed.  Although Brown states that she did not *confirm* such receipt, she does not directly dispute Thomas' testimony.  Netblue surely was aware of this before it filed its Notice of Remand.

Netblue's attempt to deny service based on Cheaptrips' misidentification of Netblue's agent as GLK instead of GKL was clearly without merit.  Accordingly, Netblue lacked an objectively reasonable basis for seeking removal**.**

## II.    Amount of Fees and Costs

The language of 27 U.S.C. § 1447(c) allows recovery only for fees and costs incurred as a *result of removal*.  27 U.S.C. § 1447(c) (emphasis added).  When Netblue removed the case improperly, they caused Cheaptrips to incur the cost of seeking a remand.  *See Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 (9th Cir. 1995).  That expense is the direct result of removal, and Cheaptrips is entitled to recover the expenses associated with the remand.  Thus, Cheaptrips will be awarded all costs and fees related to the motion for remand.

However, the Ninth Circuit has explained that "other fees and costs incurred after a removal may be related only tenuously to the removal, as when they replace similar fees and costs that would have been incurred in state court if the litigation had proceeded there.  Such fees and costs cannot be considered 'incurred as a result of the removal.'" *Id.*  Therefore, Netblue is correct in stating that Cheaptrips'

**Memorandum Decision and Order - 4**

fees related to the motion to dismiss and motion to strike should be denied.  Those

are fees and costs that likely would have been incurred in state court if the

litigation had proceeded there.  Accordingly, the Court will not require Netblue to

pay Cheaptrips' fees related to the motion to dismiss and motion to strike.[1]  In

total, $1,925.00 related to the motion to dismiss and motion to strike will be

deducted from Cheaptrips' requested attorney fees.

The Court also agrees with Netblue that secretarial or clerical activities are

not recoverable as part of an award for reasonable attorney fees.  Although the

cases cited by Netblue may not specifically address attorney fees within the

Section 1447(c) context, the analysis is persuasive.  In *Semmaterials, L.P. v.*

*Alliance Asphalt, Inc.*, 2007 WL 676675 (D.Idaho), Judge Boyle cited language

explaining that clerical services should be performed by lower paid staff, and thus

the cost of those services are more appropriately charged to overhead, and thus

included within the attorney's hourly rate.  *Id.* at 3, (citing *Hopi Tribe v. United*

---

[1] Amounts associated with the following entries will be deducted: See Docket No. 35, Ex. A at 3/1 ("Review memo opposing dismissal" and "revise with reservation re: Stip for Extension"); 3/13 ("Review, revise and correct memo for filing"); 4/2 ("Draft Motion to Strike re: Reply brief on Motion to Dismiss" and "Email draft motion to Ed"); 4/10 ("Review Motion to Strike and Local Rules – revise Motion and forward to Ed via email"); 4/12 ("Rec email from Ed with comments on Ps Motion to Strike and Review" and "Commence Memo in support of Motion to Strike Ds Supp Aff to Motion to Dismiss"); 4/13 ("Draft Responses re: Netblue's Motion to Strike Ferry Aff Review; reformat; revise and email version back to Ed" and "Review and revise Motion to Strike Ds Supp Affidavit; Complete Memo; incorporate comments from Ed; revise further"); and 4/30 ("Draft of Reply to Response to Motion to Strike; reformat and Revise).

**Memorandum Decision and Order - 5**

*States*, 55 Fed.Cl. 81, 99-100 (Fed.Cl. 2002)).  The same reasoning applies here,

and the clerical activities identified by Netblue will be excluded from the attorney

fees award.[2]  In total, $927.50 related to secretarial and clerical work will be

deducted from Cheaptrips' attorney fees award.  Accordingly, Cheaptrips will be

awarded a total of $5,926.75[3] in attorney fees and costs.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED, that Plaintiff's Petition

for Attorney Fees (Docket No. 34) shall be, and the same is hereby, GRANTED in

part and DENIED in part.

IT IS FURTHER ORDERED that Netblue shall pay Cheaptrips $5,926.75 in

attorney fees and costs.

---

[2] Amounts associated with the following entries will be deducted:  See Docket No. 35, Ex. A at 1/31 ("Open new file for fed removal"); 2/5 ("Draft fax cover and fax forward stamped Application Default"); 2/27 ("scan Ex's for ECF filing; Receive scans and log in to ECF; file docs in ECF and obtain Electronic confirmations" and "Review and tab file Fed Case file"); 3/1 (Scan Affidavits and create pdf files" and "Login to ECF District Court and file Memo with affs"); 3/13 ("scan and rec fax" and "Logon to ECF and file in Fed Dist Ct"); 3/27 ("Draft fax cover and fax to Ed 47 pages in 2 faxes"); 4/2 ("Print final document and scan to fax; receive fax and safe PDF file for ECF filing" and "Log in to Dist Ct. ECF and file Reply"); 4/13 ("Print and scan through fax; Rec pdf through fax and store; Log in to Dist Ct ECF and file Response" and "Print and scan through fax and store; Log in to Dist Ct. ECF and file Motion with attached Memo in support"); 4/30 ("Print and fax to scan for pdf; Login to ECF and file").

[3] Cheaptrips requested a total of $8,779.25 in fees and costs. The final total of $5,926.75 is the result after subtracting $1,925.00 and $927.50 as noted above.

**Memorandum Decision and Order - 6**

IT IS FURTHER ORDERED that this case be closed.



DATED:  **August 31, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 7**